IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TODD BRAUCKMILLER, | § | |
| | § | |
| *Plaintiff,* | § | SA-23-CV-01182-XR |
| | § | |
| vs. | § | |
| | § | |
| THE UNIVERSITY OF TEXAS SAN | § | |
| ANTONIO, PRESIDENT TAYLOR | § | |
| EIGHMY, CHIEF EXECUTIVE | § | |
| OFFICER; | § | |
| | § | |
| *Defendants.* | § | |

**REPORT & RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Defendants' Motion to Dismiss Plaintiff's First

Amended Complaint Pursuant to 12(b)(1) and 12(c) [#29]. All pretrial matters in this case have been

referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72

and Appendix C [#26]. The undersigned has authority to enter this recommendation pursuant to 28

U.S.C. § 636(b)(1)(B). For the reasons explained below, the undersigned recommends the Court

**GRANT IN PART** and **DENY IN PART** Defendants' motion.

### I. Procedural Background

This is an employment case arising out of Plaintiff Todd Brauckmiller's termination from his

employment at the University of Texas San Antonio ("UTSA") following an investigation into

whether he sexually harassed one of his colleagues. Brauckmiller, appearing *pro se*, alleges his

termination was pretext for discrimination. Brauckmiller initially filed this suit in state court against

UTSA, alleging violations of the First Amendment, Title IX, Title VII, and the Fair Labor Standards

Act ("FLSA"). (Orig. Pet. [#1], at 8–11.) UTSA removed the petition to this Court and then moved to dismiss the case [#5]. Brauckmiller responded by seeking leave to amend, which the Court granted, and filed an Amended Complaint. The Amended Complaint added UTSA President Taylor Eighmy as an additional Defendant, as well as numerous additional causes of action, including violations of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). (Am. Compl. [#28].)

The undersigned construes Brauckmiller's First Amended Complaint to assert claims of discrimination (disparate treatment), retaliation, and a hostile work environment under Title VII; discrimination under Title I of the ADA; and discrimination under the ADEA. Brauckmiller also appears to assert violations of the Uniformed Services Employment and Reemployment Act ("USERRA") as well as federal and Texas whistleblower laws. He seeks monetary damages and injunctive relief, including reinstatement of his position.

Brauckmiller references other statutes, constitutional provisions, and state-law causes of action in his Amended Complaint, but it is not clear whether he intends to bring claims under them. To the extent Brauckmiller mentions other statutes in passing without factual allegations that would support a cause of action under those statutes, the undersigned does not construe the live pleading to state claims under those statutes.

The Court dismissed the original motion to dismiss as moot in light of Brauckmiller's amended pleading, and Defendants thereafter filed the motion to dismiss currently before the Court. Defendants' motion to dismiss seeks dismissal of Brauckmiller's claims under Federal Rule of Civil Procedure 12(b)(1) based on Defendants' Eleventh Amendment immunity from suit and the failure of Brauckmiller to exhaust administrative remedies as to his whistleblower claims. Defendants also argue Brauckmiller fails to state a claim upon which relief can be granted under Rule 12(c).

Brauckmiller did not file a response in opposition to the motion.  The Court subsequently stayed this case pending the resolution of the motion to dismiss.  (Order [#34].)

## II.    Facts As Alleged By Brauckmiller

The following are the allegations in Brauckmiller's Amended Complaint, which the undersigned has construed liberally and accepts as true for purposes of ruling on Defendants' motion to dismiss.

Brauckmiller was hired as a Senior Project Manager and adjunct professor at UTSA in late 2021 and worked there until he was terminated on July 22, 2022. (Am. Compl. [#28], at ¶ 4.) Brauckmiller alleges that in March 2022, he complained about a "sexually charged" comment made by one of his colleagues, Roxanne Gomez, although his pleadings do not specify to whom the complaint was made. (*Id.* at ¶ 10.) Gomez said Brauckmiller's son was "guapo like his daddy." (*Id.*) Gomez denied the allegations, and no further investigation was taken. (*Id.*) The undersigned construes Brauckmiller's complaint to allege that he was discriminated against because he made a complaint;  he notes that, although no disciplinary action was taken against Gomez, Brauckmiller was investigated, sanctioned, discriminated against, and terminated. (*Id.* at ¶¶ 10, 30.)

Brauckmiller alleges that he was investigated for sexually harassing Gomez and creating a hostile work environment, although he denies that he harassed her. (*Id.* at ¶¶ 10, 17.) He alleges that Gomez alleged harassment only, but that Defendants investigated him for *sexual* harassment. (*Id.* at ¶ 17.) Brauckmiller says Gomez complained when she realized she was about to have a performance review and feared she would receive negative feedback. (*Id.* at ¶ 13.) According to Brauckmiller, Gomez erased evidence from her social media, text messages, and Teams chats between herself and Brauckmiller, which made it look like Brauckmiller was harassing her. (*Id.* at ¶¶ 12, 13.) For example, Brauckmiller alleges there were fourteen different exchanges between himself and Gomez,

3

but it appeared lopsided because she deleted her messages and/or social media comments and replies. (*Id.* at ¶ 12.) She said Brauckmiller commented incessantly on her social media posts, but she deleted her own comments on Brauckmiller's social media posts. (*Id.*) She also told investigators that she did not post often on social media because she did not know how to, but in fact posted the phrase "love you guapos/guapas"[1] with a "kissy face emoji" frequently on her social media pages. (*Id.* at ¶ 11.) Just prior to making her complaint, Gomez told Brauckmiller over Teams that he was "doing a great job" and also shared personal health information with Brauckmiller, which he suggests undermines any complaint that his actions "were unwanted." (*Id.* at ¶ 12.)

According to Brauckmiller, throughout the investigation into whether he harassed Gomez, Defendants used "misandrist language," and Gomez was given preferential treatment. (*Id.* at ¶ 14.) Brauckmiller says his arguments were dismissed because of the "racist, sexist, age, disability, and veteran profiling [and] misandrist ideology" of the UTSA staff. (*Id.* at ¶ 11.) Brauckmiller asserts that Mr. Hubbard (his direct supervisor), UTSA investigators, and other UTSA staff discriminated against him. (*Id.* at ¶ 10.) Mr. Hubbard regularly referred to Gomez as his favorite employee. (*Id.* at ¶ 18.) Brauckmiller contends that UTSA did not grant Brauckmiller the same procedural rights as Gomez during the investigation, and that the university coerced witnesses, favored Gomez's side, altered evidence, provided false testimony, and ignored Brauckmiller's evidence. (*Id.* at ¶ 16.) Brauckmiller alleges his work was praised just a day prior to being sanctioned for the allegations of sexual harassment. (*Id.* at ¶ 28.)

Brauckmiller says he is in the protected class of "race, age, sex, disability, veteran, and whistleblower categories." (*Id.* at ¶ 15.) Brauckmiller asserts Defendants knew he was a member of

---

[1] The Amended Complaint refers to Gomez using the phrase "quapos/quapas." (Am. Compl. [#28], at ¶ 11.) The undersigned construes this as a typographical error for the intended phrase "guapos/guapas."

these protected categories based on his employment contract and "previous rebuttal of EEOC involvement." (*Id.*) He alleges that Gomez was treated more favorably because she is a young, Hispanic woman and is not a veteran or disabled. (*Id.* at ¶ 17.) Brauckmiller also alleges that, "after he was sanctioned," Gomez replaced him as the senior manager and was given a raise even though she was less qualified than he is. (*Id.* at ¶ 18.)

Brauckmiller alleges that other UTSA employees made racist, sexist, and other discriminatory remarks based on his disability and veteran statuses. (*Id.* at ¶ 21.) Brauckmiller also alleges that UTSA's Title IX Director, Suzzanne Patrick, agreed with written racist, sexist, and ageist comments "against old white men" on her public Facebook profile. (*Id.* at ¶ 22.) Brauckmiller additionally claims that Ms. Patrick harassed him and created a hostile work environment by "stalk[ing]" Brauckmiller's LinkedIn profile during the investigation. (*Id.* at ¶ 23.) In conclusion, Brauckmiller asserts his termination based on harassment was pretextual. (*Id.* at ¶ 28.)

Brauckmiller filed a formal charge of discrimination with the EEOC against UTSA on October 24, 2022. (EEOC Sheet and Charge [#3-1], at 9–10.)[2] The EEOC issued Brauckmiller a Notice of Right to Sue on November 17, 2022, after which he filed this case in state court. (EEOC Notice [#3-1], at 8.)

### III.    Rule 12(b)(1) Motion

Defendants ask the Court to dismiss Brauckmiller's suit pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction based on their immunity from suit under the Eleventh Amendment and failure to exhaust administrative remedies. Defendants' motion should be denied in all respects except as to Brauckmiller's claims under USERRA and the federal and Texas whistleblower acts.

---

[2] The Court may consider the EEOC charge and notice because Brauckmiller references them in his complaint, and they are central to his claims. *See Carter v. Target Corp.*, 541 Fed. Appx. 413, 417 (5th Cir. 2013).

**A.     Legal Standard**

Motions filed under Rule 12(b)(1) allow a party to challenge the subject-matter jurisdiction of the district court. *See* Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, a court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming*, 281 F.3d at 161. This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a plaintiff's case because the plaintiff lacks subject-matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

**B.     Eleventh Amendment immunity**

Defendants assert that Brauckmiller's claims under the ADA, ADEA, USERRA, and federal and Texas whistleblower acts are barred by the Eleventh Amendment. Because UTSA voluntarily invoked federal court jurisdiction by removing this case to federal court, the Eleventh Amendment does not protect it from suit. However, USERRA contains an express statutory provision limiting suits to state court, and the Court should dismiss that claim for lack of jurisdiction.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Eleventh Amendment provides states immunity from suit regardless of the relief sought, whether it be compensatory damages, punitive damages, or monetary awards in the nature of equitable restitution, or other equitable relief. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101 (1984).  The Eleventh Amendment's reach also extends to suits against a state agency or state official in his or her official capacity. *Clay v. Tex. Women's Univ.*, 728 F.2d 714, 715 (5th Cir. 1984). Federal courts therefore do not have jurisdiction over suits "against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996)).

UTSA is a Texas agency, and thus entitled to immunity from suit in federal court absent waiver or abrogation of that immunity.  *Rosas v. Univ. of Tex. at San Antonio*, 793 Fed. App'x 267, 273 n.6 (5th Cir. 2019) (per curiam) (citing *U.S. Oil Recovery Site Potentially Responsible Parties Grp. v. R.R. Comm'n of Tex.*, 898 F.3d 497, 501–02 (5th Cir. 2018)).  A state may waive its Eleventh Amendment immunity by voluntarily invoking federal court jurisdiction through removing a case from state court to federal court.  *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002) (addressing removal of state-law claims); *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 249–50 (5th Cir. 2005) (extending *Lapides*'s waiver principle to removal of all claims, state and

federal).[3]  Defendants acknowledge that UTSA waived its immunity by removing Brauckmiller's

Original Petition to federal court.  However, Defendants ask the Court to limit this waiver only to

those claims included in Brauckmiller's Original Petition, not those first asserted in the Amended

Complaint filed post-removal—his ADA, ADEA, USERRA, and whistleblower claims.

The Fifth Circuit has not expressly addressed the effect of removal on a state's immunity as

to claims asserted in an amended pleading filed after removal.  But other circuit courts of appeals

and district courts have held that removal waives Eleventh Amendment immunity even as to "claims

added in the amended complaint."  *Embury v. King*, 361 F.3d 562, 564–65 (9th Cir. 2004) (in

context of state-law claims); *see also Walden v. Nevada*, 945 F.3d 1088, 1094 (9th Cir. 2019)

(extending *Embury* to federal-law claims); *Stroud v. McIntosh*, 722 F.3d 1294, 1302 & n.3 (11th Cir.

2013) (endorsing principle of waiver by removal and noting that addition of ADEA claim "only after

the case was removed does not change the result"); *Jackson v. La. Dep't of Publ. Safety & Corr.*, No.

15-490-JJB-RLB, 2016 WL 482049, at *2 (M.D. La. Feb. 5, 2016) (agreeing with *Embury* court that

removal, and therefore waiver, is "case based, not claim based"); *Boone v. Pa. Off. of Vocational

Rehab.*, 373 F. Supp. 2d 484, 493 n.3 (M.D. Pa. 2005) (agreeing with *Embury* court that "whatever

waiver rule applied when the case was removed would also apply to additional claims asserted after

removal").  Additionally, the Fifth Circuit implicitly endorsed this same reasoning in *Meyers* when it

held that the *Lapides* waiver rule was not limited to only state-law claims but applied to federal-law

claims as well.  *See Meyers*, 410 F.3d at 247 (citing *Embury*, 361 F.3d at 564 ("Nothing in the

---

[3] The undersigned notes that the Fifth Circuit in *Meyers* recognized that Eleventh Amendment immunity encompasses both "immunity from suit," a jurisdictional bar, and "immunity from liability," which the state can assert as a defense and is not necessarily waived through removal from state court.  *Meyers*, 410 F.3d at 252–53.  "Whether [the state] has retained a separate immunity from liability is an issue that must be decided according to that state's law."  *Id.* at 255. Here, Defendants only assert immunity from suit under Rule 12(b)(1) and do not argue they are immune from liability under Rule 12(b)(6) or 12(c).  Accordingly, the undersigned has only addressed the jurisdictional argument at this juncture.

reasoning of *Lapides* supports limiting the waiver to the claims asserted in the original complaint, or to state law claims only."")).  The undersigned thus finds that UTSA waived any immunity from suit it enjoys under the Eleventh Amendment by removing Brauckmiller's Original Petition to federal court.

Defendants similarly argue that Dr. Eighmy did not waive his immunity from suit as a state official sued in his official capacity because he was not added to the suit until after removal. Because Brauckmiller appears to have sued Dr. Eighmy as President and Chief Executive Officer of UTSA, the undersigned construes Brauckmiller's claims as asserted against Dr. Eighmy in his official capacity.  (*See* Am. Compl. [#28], at ¶ 5.)  The Eleventh Amendment's reach also extends to suits against a state official in his official capacity.  *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019).  Brauckmiller's official capacity claims are claims against UTSA itself.  *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  It is immaterial that Dr. Eighmy was not separately served with the Original Petition before removal.  The state, which is also Dr. Eighmy in his official capacity, waived its Eleventh Amendment immunity as a jurisdictional bar from suit when it removed Brauckmiller's claims to this Court.  Insofar as Brauckmiller sues Dr. Eighmy in his individual capacity, Dr. Eighmy does not enjoy sovereign immunity.  In summary, the Court should deny Defendants motion to dismiss based on the immunity of UTSA and Dr. Eighmy in his official capacities.

## C.      USERRA's Jurisdictional Provision

The Court should, however, still dismiss Brauckmiller's claim under USERRA for lack of jurisdiction.  USERRA is a federal statute prohibiting employment discrimination on the basis of military service and provides a private right of action for enforcement of rights under the Act.  38 U.S.C. § 4323.  USERRA provides that a veteran "shall not be denied initial employment,

9

reemployment, retention in employment, promotion, or any benefit of employment by an employer

on the basis of" his military service. *Id.* § 4311(a).  To establish a USERRA discrimination claim

based on prior military service, a plaintiff must prove that his veteran status was a "motivating

factor"—although not necessarily the sole factor—in an adverse employment action taken by the

employer.  *Id.* § 4311(c)(1); *Bradberry v. Jefferson Cnty.*, 732 F.3d 540, 545 (5th Cir. 2013).

USERRA contains a jurisdictional provision expressly limiting all suits brought by private

persons against a state employer to state courts.  38 U.S.C. § 4323(b)(2) ("In the case of an action

against a State (as an employer) by a person, the action may be brought in a State court of competent

jurisdiction in accordance with the laws of the State.").  The Supreme Court has interpreted this

statute as a jurisdictional mandate—that "USERRA suits must be brought in state (rather than

federal) court." *Torres v. Tex. Dep't of Pub. Safety*, 597 U.S. 580, 595 (2022); *see also McIntosh v.

Partridge*, 540 F.3d 315, 321 (5th Cir. 2008) (emphasizing that Congress expressly intended to limit

USERRA suits against states to state courts); *Velasquez v. Frapwell*, 165 F.3d 593, 594 (7th Cir.

1999) (concluding court lacked jurisdiction over USERRA claim based on jurisdictional provision).

In light of the jurisdictional provision limiting USERRA suits filed by private individuals like

Brauckmiller to state court, the District Court should dismiss this claim for lack of jurisdiction.

**D.      Exhaustion of Administrative Remedies**

Defendants also argue, without citing any legal authority in support, that all claims against

Dr. Eighmy should be dismissed for lack of jurisdiction because he was not named in Brauckmiller's

EEOC Charge of Discrimination. (EEOC Charge [#3-1], at 10.)  As to the discrimination claims

raised in this suit, exhaustion is not a jurisdictional issue; it is an affirmative defense, which may be

waived and on which the defendant bears the burden of proof.  *Davis v. Fort Bend Cnty.*, 893 F.3d

300, 306–07 (5th Cir. 2019).  In any event, Defendants have not briefed this argument, and so for

purposes of this motion, the request to dismiss for lack of jurisdiction for failure to exhaust should be denied.

Finally, Defendants assert additional jurisdictional arguments regarding the exhaustion of Brauckmiller's whistleblower claims, if any, under the Whistleblower Protection Act and Texas Whistleblower Act. Defendants contend Brauckmiller failed to exhaust the administrative prerequisites to suit as to these claims. Unlike exhaustion in the context of employment discrimination claims, the Fifth Circuit has stated that exhaustion under both the federal and Texas whistleblower statutes is jurisdictional. *Aviles v. Merit Sys. Protection Bd.*, 799 F.3d 457, 468 (5th Cir. 2015); *Breaux v. City of Garland*, 205 F.3d 150, 162 (5th Cir. 2000). Brauckmiller bears the burden to establish jurisdiction and exhaustion as to these claims and has not responded to Defendants' motion. *Ramming*, 281 F.3d at 161. Accordingly, these claims should be dismissed for lack of subject matter jurisdiction.

## IV.    Rule 12(c) Motion

Defendants also seek dismissal of Brauckmiller's claims under Rule 12(c) for failure to state a claim. The Court should grant the motion as to Brauckmiller's whistleblower and ADA claims but deny the motion as to his claims arising under Title VII and the ADEA.

### A.    Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209–10 (5th Cir. 2010).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Furthermore, a court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, a court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *Twombly*, 550 U.S. at 570.

This undersigned is mindful that in evaluating the merits of Defendants' motion to dismiss, a *pro se* plaintiff's pleadings are viewed under a less stringent standard than those drafted by an attorney. *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983). As a result, Brauckmiller's filings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from these pleadings. *See id.*

**B.      Whistleblower Claims**

Even if Brauckmiller had properly exhausted his whistleblower claims under the federal Whistleblower Protection Act and Texas Whistleblower Act, they should still be dismissed because he has failed to state a claim under either statute.  The Whistleblower Protection Act protects <u>federal</u> employees from retaliation for reporting agency wrongdoing.  *See* 5 U.S.C. §§ 2105, 2302(a)(2)(B) & (b)(8)–(9). Brauckmiller has not alleged he is a federal employee. Thus, in addition to being dismissed for failing to establish subject matter jurisdiction due to a failure to exhaust administrative remedies, this claim should be dismissed for failure to state a claim because Brauckmiller is not a federal employee.  *See Stern v. Epps*, 464 Fed. App'x 388, 392 (5th Cir. 2012).

Brauckmiller's Texas Whistleblower Act claim should be dismissed as time-barred. Brauckmiller did not file his case in state court until well after the 90-day deadline set out in the act. The Texas Whistleblower Act requires a plaintiff must sue no later than the 90th day after the "date on which the alleged violation of [the] chapter: (1) occurred; or (2) was discovered by the employee through reasonable diligence." Tex. Gov't Code § 554.005. Brauckmiller alleges he was terminated on July 22, 2022, but he did not file his case in state court until more than 90 days later, on February 2, 2023. (Am. Compl. [#28], at ¶ 27.)

**C.      ADA Claims**

The Court should also dismiss Brauckmiller's claim of disability discrimination under the ADA.  Title I of the ADA prohibits employment discrimination on the basis of disability. 42 U.S.C. § 12112(a).  To plead a prima facie case of ADA Title I disability discrimination, a plaintiff must allege "a disability, that he was qualified for his position, and that he suffered an adverse employment action because of his disability." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021). The ADA defines "disability" as:

(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(1)(A)–(C).

Brauckmiller does no more than state in his amended complaint that he is disabled, and that he falls into the "protected class" of "disabled." (Am. Compl. [#28], ¶¶ 17, 18, 30.) He has not pleaded how he is disabled, that he has a record of a disability, or that he was regarded as having a disability. Brauckmiller simply asserts the legal conclusion that he has a disability. Furthermore, he has failed to describe any facts to suggest that he was terminated *because* of his disability. *Olivarez*, 997 F.3d at 600. As noted above, he has stated he was terminated following an allegedly biased investigation into whether he harassed Gomez. Because Brauckmiller has not pleaded that he has a disability or was terminated because of a disability, his claim for discrimination under the ADA should be dismissed.

**D.      Title VII Claims**

Brauckmiller alleges both Title VII discrimination and retaliation, as well as a claim of hostile work environment. Defendants only move to dismiss the discrimination (disparate treatment) and retaliation claims and do not address the hostile work environment claim. Both the discrimination and retaliation claims should survive Defendants' motion to dismiss, as should the unaddressed hostile work environment claim.

To survive a motion to dismiss a Title VII disparate treatment claim, a plaintiff must "allege facts plausibly showing (1) an adverse employment action, (2) taken against a plaintiff because of h[is] protected status." *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502 (5th Cir. 2023) (internal quotations omitted). To establish these ultimate elements, a plaintiff must allege sufficient facts to

"nudge[ ] [his] claims across the line from conceivable to plausible." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766–68 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 547).

Brauckmiller alleges he is a member of a protected class based on his "race, age, sex, disability, veteran, and whistleblower categories." (Am. Compl. [#28], at ¶ 15.) Title VII's protected classes include race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2(a). Because age, disability status, veteran status, and status as a whistleblower are not protected categories under Title VII, Brauckmiller may only proceed on a theory of discrimination under Title VII based on the protected categories of race (white) and sex (male).

Brauckmiller alleges he was terminated[4] after UTSA conducted a biased investigation into whether he sexually harassed another employee, Roxane Gomez. (Am. Compl. [#28], at ¶ 17.) Brauckmiller describes Gomez as a "young, Hispanic woman," who replaced him after his termination. (*Id.* at ¶ 18.) Brauckmiller argues he was discriminated against throughout the investigation process because he is a white man—that UTSA staff manipulated the investigation (*e.g.* coercing witnesses, siding with Gomez, altering evidence) and that the UTSA staff dismissed his evidence due to "misandrist ideology." (*Id.* at ¶¶ 11, 16, 22.) Brauckmiller also alleges that the Title IX Director, Suzzanne Patrick, made discriminatory remarks "against [] white men" on her social media. (*Id.* at ¶ 22.) The crux of Brauckmiller's allegations, which must be accepted as true, is that he was treated unfavorably and ultimately terminated because he is a white man. The facts he has pleaded in support—that an investigation was manipulated because of his race and sex, and that he was ultimately terminated for the same reasons—are sufficient to state a claim for Title VII discrimination.

---

[4] As Defendants assert, Brauckmiller alleges he was both terminated and/or "constructively discharged." (Am. Compl. [#28], at ¶¶ 1, 4, 27.) Although the two are mutually exclusive, it does not matter for purposes of this motion, because either would qualify as an adverse employment action.

To plead a claim of Title VII retaliation, a plaintiff must allege that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000). Defendants argue Brauckmiller has not alleged that he engaged in protected activity. Construing the complaint liberally, the protected activity Brauckmiller alleges he engaged in was complaining about a "sexually charged" comment Gomez made towards him.[5] (Am. Compl. [#28], at ¶ 10.) Defendants contend Brauckmiller does not explain how that complaint is causally connected to the adverse employment event of his termination. But this is slicing the meat too thin. His complaint concerned alleged inappropriate sexual comments about Gomez, and, around the same time, Gomez complained that he was being sexually inappropriate. An investigation ensued. The investigation resulted in the adverse action. That is enough at this stage.[6]

In any event, participation in an investigation also qualifies as an adverse employment action. Given that Brauckmiller was investigated and answered questions during the investigation and then was terminated, this is enough to survive a motion to dismiss. The undersigned thus recommends Defendants' motion to dismiss should be denied as to the claim of discrimination against UTSA based on sex and race under Title VII. Of course, only the "employer" can be sued under Title VII.

---

[5] Brauckmiller states in his opening paragraph that he was retaliated against for filing an EEOC complaint. (Am. Compl. [#28], at ¶ 1.) But the EEOC complaint was filed on October 24, 2022—after he was terminated. (EEOC Sheet and Charge [#3-1], at 9–10.) Thus, to the extent a retaliation claim was asserted on that basis, Brauckmiller fails to state a claim since the protected activity occurred after the adverse employment action.

[6] To the extent Brauckmiller is attempting to advance retaliation claims under the ADA or the ADEA, these claims fail as a matter of law because he has not alleged that he raised nay complaints about disability or age discrimination. *See Harris–Childs v. Medco Health Solutions, Inc.*, 169 Fed. Appx. 913, 916 (5th Cir. 2006) (per curiam) (affirming summary judgment for defendant on retaliation claim where plaintiff complained of harassment generally but did not complain of harassment based on protected characteristic).

42 U.S.C. § 2000e-2.  To the extent Brauckmiller is attempting sue Dr. Eighmy in his official

capacity or individually under Title VII, that claim should be dismissed.  *See Ackel v. Nat'l*

*Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in

either their individual or official capacities.").

## E.    ADEA Claims

Brauckmiller alleges discrimination and retaliation in violation of the ADEA.  Defendants do

not raise any arguments as to dismissal of these claims other than their jurisdictional challenge based

on Eleventh Amendment immunity.  Accordingly, these claims also survive the motion to dismiss.

## F.    Claims not reasserted in Amended Complaint

UTSA argues that Brauckmiller abandoned his claims for First Amendment retaliation,

Fourteenth Amendment due process violations, Title IX discrimination, and FLSA violations when

he did not reassert them in his Amended Complaint. The undersigned agrees.  Claims raised in

Brauckmiller's Original Petition, and which he did not reassert in his Amended Complaint, should

be considered abandoned. *See Stewart v. City of Houston Police Dep't*, 372 Fed. App'x 475, 478

(5th Cir. 2010) (per curiam) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An

amended compliant supersedes the original complaint and renders it of no legal effect unless the

amended complaint specifically refers to and adopts or incorporates by reference the earlier

pleading.").

## V.  Conclusion and Recommendation

In conclusion, the undersigned **recommends** the Defendants' motion to dismiss [#29] be

**GRANTED IN PART** and **DENIED IN PART** as follows.

- Brauckmiller's claims under USERRA, the Whistleblower Protection Act, and the Texas Whistleblower Act should be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction;

17

- Brauckmiller's claims under the Whistleblower Protection Act, the Texas Whistleblower Act, and the ADA should be dismissed against both Defendants pursuant to Rule 12(c) for failure to state a claim;

- Brauckmiller's claims under Title VII against President Eighmy should be dismissed pursuant to Rule 12(c) for failure to state a claim;

- Brauckmiller's claims under the First Amendment, Fourteenth Amendment, Title IX, and the FLSA should be deemed abandoned;

- Brauckmiller's claims under Title VII (disparate treatment, retaliation, and hostile work environment) against UTSA should survive Defendants' motion to dismiss.

- Brauckmiller's claims under the ADEA against both UTSA and Dr. Eighmy should survive Defendants' motion to dismiss.

## VI.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar

the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of November, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE