**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| TODD BRAUCKMILLER, | § | |
| *Plaintiff* | § | |
| | § | SA-23-CV-01182-XR |
| -vs- | § | |
| | § | |
| THE UNIVERSITY OF TEXAS SAN | § | |
| ANTONIO, PRESIDENT TAYLOR | § | |
| EIGHMY, CHIEF EXECUTIVE | § | |
| OFFICER; | § | |
| *Defendants* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's
Report and Recommendation ("R&R") in the above-numbered and styled case filed November 22,
2024 (ECF No. 38) on Defendants' motion for judgment on the pleadings (ECF No. 29) and the
parties' objections to the R&R (ECF Nos. 44, 45). After careful consideration, the Court issues the
following order.

## BACKGROUND

This is an employment case arising out of Plaintiff Todd Brauckmiller's termination from
his employment at the University of Texas San Antonio ("UTSA") following an investigation into
whether he sexually harassed one of his colleagues. Plaintiff, appearing *pro se*, alleges that his
termination was pretext for discrimination.

### I.    Factual Background

Brauckmiller was hired as a Senior Project Manager and adjunct professor at UTSA in late
2021 and worked there until he was terminated on July 22, 2022. ECF No. 28 ¶ 4. Brauckmiller
alleges that in March 2022, he complained about a "sexually charged" comment made by one of
his colleagues, Roxanne Gomez, although his pleadings do not specify to whom the complaint was

made. *Id.* ¶ 10. Gomez said Brauckmiller's son was "guapo [handsome] like his daddy." *Id.* Gomez denied the allegation, and no further investigation was taken. *Id.*

Brauckmiller alleges that he was discriminated against because he made a complaint; he notes that, although no disciplinary action was taken against Gomez, Brauckmiller was investigated, sanctioned, discriminated against, and terminated. *Id.* ¶¶ 10, 30. Brauckmiller alleges that he was investigated for sexually harassing Gomez and creating a hostile work environment, although he denies that he harassed her. *Id.* ¶¶ 10, 17. He asserts that Gomez alleged only harassment, but that Defendants investigated him for sexual harassment. *Id.* ¶ 17. Brauckmiller says Gomez complained when she realized she was about to have a performance review and feared she would receive negative feedback. *Id.* ¶ 13. According to Brauckmiller, Gomez erased evidence from her social media, text messages, and Teams chats between herself and Brauckmiller, which made it look like Brauckmiller was harassing her. *Id.* ¶¶ 12, 13. For example, Brauckmiller alleges there were fourteen exchanges between himself and Gomez, but it appeared lopsided because she deleted her messages and/or social media comments and replies. *Id.* ¶ 12.

Gomez accused Brauckmiller of commenting incessantly on her social media posts, but she deleted her own comments on Brauckmiller's social media posts. *Id.* She also told investigators that she did not post often on social media because she did not know how to, but in fact posted the phrase "love you guapos/guapas" with a "kissy face emoji" frequently on her social media pages. *Id.* ¶ 11. Just before making her complaint, Gomez told Brauckmiller over Teams that he was "doing a great job" and shared personal health information with Brauckmiller, which he suggests undermines any complaint that his actions "were unwanted." *Id.* ¶ 12.

According to Brauckmiller, throughout the investigation into whether he harassed Gomez, Defendants used "misandrist[1] language," and Gomez was given preferential treatment. *Id.* ¶ 14. He contends that his arguments were dismissed because of the "racist, sexist, age, disability, and veteran profiling [and] misandrist ideology" of the UTSA staff. *Id.* ¶ 11. Brauckmiller alleges that Mr. Hubbard (his direct supervisor), UTSA investigators, and other UTSA staff discriminated against him. *Id.* ¶ 10. Mr. Hubbard regularly referred to Gomez as his favorite employee. *Id.* ¶ 18. Brauckmiller contends that UTSA did not grant him the same procedural rights as Gomez during the investigation, and that UTSA coerced witnesses, favored Gomez's side, altered evidence, provided false testimony, and ignored Brauckmiller's evidence. *Id.* ¶ 16. He alleges that his work was praised just a day before he was sanctioned for the allegations of sexual harassment. *Id.* ¶ 28.

Brauckmiller says he is in the protected class of "race, age, sex, disability, veteran, and whistleblower categories." *Id.* ¶ 15. Brauckmiller asserts Defendants knew he was a member of these protected categories based on his employment contract and "previous rebuttal of EEOC involvement." *Id.* He alleges that Gomez was treated more favorably because she is a young, Hispanic woman and is not a veteran or disabled. *Id.* ¶ 17. Brauckmiller also alleges that, "after he was sanctioned," Gomez replaced him as the senior manager and was given a raise even though she was less qualified than he is. *Id.* ¶ 18. Brauckmiller asserts that other UTSA employees made racist, sexist, and other discriminatory remarks based on his disability and veteran statuses. *Id.* ¶ 21. He also alleges that UTSA's Title IX Director, Suzzanne Patrick, agreed with written racist, sexist, and ageist comments "against old white men" on her public Facebook profile and claims that she harassed him and created a hostile work environment by "stalk[ing]" his LinkedIn profile during the investigation. *Id.* ¶¶ 22–23.

---

[1] A person who dislikes, despises, or is strongly prejudiced against men. Vocabulary.com. (n.d.). Misandrist. In Vocabulary.com Dictionary. Retrieved December 19, 2024, from https://www.vocabulary.com/dictionary/misandrist

## II.    Procedural History

Brauckmiller filed a formal charge of discrimination with the EEOC against UTSA on October 24, 2022. ECF No. 3-1 at 9–10. The EEOC issued a Notice of Right to Sue on November 17, 2022, after which he filed this case in state court. *Id.* at 8.

Plaintiff first filed this suit in state court against Defendant UTSA, alleging violations of the First Amendment, Title IX, Title VII, and the Fair Labor Standards Act ("FLSA"). ECF No. 1, Exh. A at 8–11.

UTSA removed the petition to this Court and then moved to dismiss the case. *See* ECF Nos. 1, 5. In response, Plaintiff filed his First Amended Complaint ("FAC"), which mooted the pending motion to dismiss. In the FAC, Plaintiff (1) removed his claims for violations of the First Amendment, Fourteenth Amendment, Title IX, and the FLSA, (2) joined UTSA President Taylor Eighmy as a second Defendant, and (3) added several new causes of action, including claims for violations of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). Brauckmiller also appears to assert violations of the Uniformed Services Employment and Reemployment Act ("USERRA") and federal and Texas whistleblower laws. ECF No. 28.[2] He seeks monetary damages and injunctive relief, including reinstatement of his position.

Defendants move to dismiss Plaintiff's claims in the FAC for lack of subject matter jurisdiction under Rule 12(b)(1) based on Defendants' Eleventh Amendment immunity from suit and Plaintiff's failure to exhaust administrative remedies. Defendants also argue that Brauckmiller fails to state a claim upon which relief can be granted under Rule 12. The Plaintiff did not file a

---

[2] Brauckmiller references other statutes, constitutional provisions, and state-law causes of action in his Amended Complaint, but it is not clear whether he intends to bring claims under them. To the extent Brauckmiller mentions other statutes in passing without factual allegations that would support a cause of action under those statutes, the undersigned does not construe the live pleading to state claims under those statutes.

response in opposition to the motion. All pretrial matters here, including Defendant's motion, had been referred to Magistrate Judge Chestney pursuant to Western District of Texas Local Rule CV-72. *See* ECF No. 26.

## III.    The Magistrate's Recommendation

On November 22, 2024, the Magistrate Judge issued a report and recommendation on Defendants' motion to dismiss. ECF No. 38.

The Magistrate Judge first concluded that UTSA had waived any immunity from suit under the Eleventh Amendment by removing Brauckmiller's Original Petition to federal court, and the waiver extended to the claims added in the post-removal FAC—his ADA, ADEA, USERRA, and whistleblower claims and the claims against Dr. Eighmy in his official capacity.[3] *Id.* at 9. The Magistrate Judge further rejected the Defendants' argument that the claims against Dr. Eighmy should be dismissed because they did not appear in Brauckmiller's EEOC charge. *See id.* at 10. She agreed, however, that Brauckmiller's whistleblower claims should be dismissed because the Fifth Circuit has stated that exhaustion under both the federal and Texas whistleblower statutes—unlike exhaustion of claims for employment discrimination—is jurisdictional.[4] *See id.* at 11 (citing *Aviles v. Merit Sys. Protection Bd.*, 799 F.3d 457, 468 (5th Cir. 2015) and *Breaux v. City of Garland*, 205 F.3d 150, 162 (5th Cir. 2000)). She also agreed that Plaintiff's USERRA claim should be dismissed for lack of jurisdiction because such claims must be brought in state court. 38 U.S.C. § 4323(b)(2); *Torres v. Tex. Dep't of Pub. Safety*, 597 U.S. 580, 595 (2022).

---

[3] Insofar as Brauckmiller sues Dr. Eighmy in his individual capacity, Dr. Eighmy does not enjoy sovereign immunity.

[4] The Magistrate Judge also noted that Brauckmiller's whistleblower claims would otherwise fail because the Whistleblower Protection Act protects federal—not state—employees and any claim under the Texas Whistleblower Act was time-barred. *See* ECF No. 38 at 13.

Turning to the sufficiency of the claims within the Court's jurisdiction, the Magistrate Judge recommended that the Court dismiss Brauckmiller's ADA claim because the FAC does not allege any facts explaining how he is disabled, that he has a record of a disability, or that he was regarded as having a disability.

The Magistrate Judge concluded that the Title VII claims against Dr. Eighmy must be dismissed because "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003). She also concluded that Brauckmiller had stated claims for Title VII retaliation and discrimination based on his race (white) and sex (male). *See* ECF No. 38 at 16–17. The Magistrate Judge noted that Defendants' motion did not address Brauckmiller's ADEA claim or his Title VII hostile-work-environment claim and, accordingly, should survive the pleading stage. *Id.* at 14, 17.

Finally, the Magistrate Judge recommended that the claims in Brauckmiller's Original Petition for violations of the First Amendment, Fourteenth Amendment, Title IX, and the FLSA be deemed abandoned because they were not included in the FAC. *See id.* at 17 (citing *Stewart v. City of Houston Police Dep't*, 372 F. App'x 475, 478 (5th Cir. 2010) (per curiam) ("An amended compliant supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.")).

## DISCUSSION

### I.   Legal Standard

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other*

*grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id*.; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## II.    Analysis

The Magistrate Judge's recommendation was filed on November 22, 2024 and docketed on November 25, 2024. ECF No. 38. After receiving an extension of the 14-day deadline under 28 U.S.C. § 636(b)(1), the parties filed timely cross-objections to the R&R on December 13, 2024. *See* ECF Nos. 44, 45.

### A.    Brauckmiller's Objections

Brauckmiller objects to the dismissal of his whistleblower and USERRA claims and asserts that they were "sufficiently stated and claims in the initial pleading." ECF No. 45 at 2. But, as explained, the Magistrate Judge recommended dismissing these claims on jurisdictional grounds not addressed in Brauckmiller's objections. *See* ECF No. 38 at 9–11. Because the Court agrees with the Magistrate Judge's jurisdictional analysis, it cannot reach the merits of Brauckmiller's whistleblower or USERRA claims.

Similarly, Brauckmiller objects to the recommendation that the Court dismiss his Title VII claims against Dr. Eighmy because he "has provided specific allegations and statements . . . that detail deliberate actions by UTSA staff members and President Eighmy." ECF No. 45 at 4. The

claims against Dr. Eighmy in her official capacity and individual must be dismissed based on Fifth Circuit law. *See Ackel*, 339 F.3d at 381 n.1.

Finally, Brauckmiller objects to the Magistrate Judge's recommendation that the FLSA claim in the Original Petition be deemed abandoned. He argues that the FAC "relates back" to his Original Petition. Courts consider whether a later pleading "relates back" to an earlier pleading in determining whether the claims in the later pleading are time-barred by the applicable statute of limitations. *See* FED. R. CIV. P. 15(c). The Magistrate Judge did not state any FLSA claim would be barred. Rather, she correctly noted that the FAC—which does not include a claim under the FLSA—completely superseded the Original Petition. *Stewart*, 372 F. App'x at 478.

For these reasons, Plaintiff's objections to the R&R are overruled.

### B.    Defendants' Objections

UTSA objects to the R&R arguing that Brauckmiller has not stated a Title VII hostile work environment claim, and that Defendants did not waive immunity as to Plaintiff's ADEA claims because Plaintiff asserted those post-removal.

### C.  This Court's Review of the FAC

Plaintiff claims in his FAC that he brought charges of discrimination with the EEOC alleging race, sex, disability, retaliation and harassment.  FAC ¶6.  He also alleges that when he was being investigated he was discriminated against because of his race, sex and veteran status. FAC ¶9.  He alleges that on March 3, 2022, Gomez made the statement Plaintiff's son was handsome like his father/plaintiff.  He states that he complained that it was a sexually charged comment.  Apparently, at some unspecified date, UTSA allegedly began to investigate whether the Plaintiff engaged in inappropriate conduct.  Plaintiff appears to question the legitimacy of that investigation and argues that UTSA employees showed bias against men in conducting the

investigation.  Plaintiff also suggests that Gomez destroyed some text messages or social media posts that would have exonerated him in that investigation.

He states in a conclusory fashion that he was discriminated against because of his age, sex, race (White), disability status, and veteran status.  He also references he was some form of a whistleblower, with no further factual allegations pled.  Finally, he makes a cursory reference to a "previous rebuttal of EEOC involvement."  FAC ¶ 15.

He does provide some factual support for his sex and race claims.  He alleges that his senior manager position was taken from him and given to Gomez.  He also alleges that he reported racist, sexist and ageist comments to UTSA's Title IX office in March and July, 2023.

Plaintiff alleges that he was terminated from his employment on July 22, 2022. FAC ¶ 27.

## CONCLUSION

Accordingly, the Court **ADOPTS IN PART,** the Magistrate Judge's recommendation, and Defendants' motion to dismiss (ECF No. 29) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

(1)    Plaintiff's claims under USERRA, the Whistleblower Protection Act, and the Texas Whistleblower Act are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

(2)    Plaintiff's Title VII claims against President Eighmy are **DISMISSED WITH PREJUDICE** pursuant to Rule 12 for failure to state a claim.  There is no individual liability under Title VII.

(3)    Plaintiff's disability discrimination claims, brought under the ADA are dismissed without prejudice for failure to state a claim.  Other than his mere mention that he has some form

of disability status, he alleges no facts that any disability he has was somehow considered by a managerial agent of UTSA in investigating him and later terminating his employment.

(4)    Plaintiff's Title VII retaliation claim is dismissed without prejudice for failure to state a claim. The plaintiff did not allege what protected activity he engaged in, when, and reported to whom. He mentions that he reported sexist and ageist comments to the Title IX office in 2023, but also states he was discharged from employment on July 22, 2022, so any such protected activity took place well after he was already discharged from UTSA. The Magistrate Judge suggests that his reporting of Gomez in March 2022 may suffice. That may be so, but what has been pled is unclear. The plaintiff never states to whom and when he made that complaint. All that has been pled is that an investigation of the Plaintiff was conducted by UTSA. Nor does the plaintiff plead that this investigation was in any way retaliatory for reporting the Gomez "guapo" statement.

(5)    Plaintiff's ADEA claims are dismissed without prejudice. Like the defects in his disability discrimination claim, Plaintiff alleges no facts that his age was somehow considered by a managerial agent of UTSA in investigating him and later terminating his employment.

(6)     Brauckmiller's claims under the First Amendment, Fourteenth Amendment, Title IX, and the FLSA are deemed abandoned.

(7)    Plaintiff's Title VII hostile work environment claim is dismissed without prejudice for failure to state a claim. Fifth Circuit precedent requires the Plaintiff to allege that he was subjected to a "severe" and "pervasive" hostile work environment because of his race or sex. Plaintiff has made no such pleading. He cites the "guapo" comment. The remainder of his complaints appear to stem from the investigation that UTSA conducted. He extrapolates that whatever statements made by witnesses in that investigation were sexist.

(8)     To the extent that Brauckmiller seeks to re-assert claims of disability discrimination, Title VII retaliation, age discrimination, or Title VII hostile work environment, he must file a motion seeking leave to file a Second Amended Complaint. The motion must demonstrate how any such claims would survive a Rule 12(b)(6) motion to dismiss. A plaintiff cannot merely cite to some statute and state in a conclusory fashion that the defendant violated that statute. For example, in *Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010), the plaintiff alleged she was retaliated against by her employer. To state a Title VII retaliation claim, a plaintiff must allege facts that tend to establish: (1) he engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action. "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." In affirming the dismissal of the claim, the Fifth Circuit stated: "Richards did not assert that she was participating in any protected activity. She indicated she was discharged for failing to falsify government documents, but she made no allegation that those documents were connected to a Title VII investigation or that her failure to falsify was an activity protected by Title VII. Her complaint fails to allege facts stating a claim for retaliation that is plausible on its face."[5]

(9)     Accordingly, the only claims that survive for now are Brauckmiller's Title VII race and sex discrimination claims for what appears to be based on allegations that: (1) he was demoted from his senior management position, and (2) that he was discharged from his employment.

---

[5] With regards to disability, race, or age discrimination or hostile work environment, Plaintiff likewise must set forth factual allegations to support the claims. The amended complaint must sufficiently allege that UTSA demoted him or terminated him because of his disability, race or age. Regarding a hostile work environment claim, a plaintiff must allege facts that demonstrate that he was repeatedly subjected to harassment because of his sex and race. See *Whitlock v. Lazer Spot, Inc.*, 657 F. App'x 284, 287 (5th Cir. 2016). Should the Plaintiff in good faith amend his complaint to reassert any of these claims he must do so no later than January 6, 2025.

It is so **ORDERED**.

**SIGNED** this 20th day of December, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE