IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TODD BRAUCKMILLER, | § § | |
| *Plaintiff,* | § § | SA-23-CV-01182-XR |
| vs. | § § § | |
| THE UNIVERSITY OF TEXAS SAN ANTONIO, PRESIDENT TAYLOR EIGHMY, CHIEF EXECUTIVE OFFICER; | § § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Plaintiff Todd Brauckmiller's Motion for Leave to File Second Amended Complaint [#66]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#26]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is **ORDERED** that Brauckmiller's motion for leave be **GRANTED IN PART** and his Second Amended Complaint [#66] be docketed. It is also **RECOMMENDED** that Brauckmiller's claims for disability discrimination under the Americans with Disabilities Act and hostile work environment under Title VII be **DISMISSED**.

I. **Procedural History**

This is an employment case arising out of Plaintiff Todd Brauckmiller's termination from his employment at the University of Texas San Antonio ("UTSA") following an investigation

1

into whether he sexually harassed one of his colleagues. Brauckmiller, appearing *pro se*, alleges his termination was pretext for discrimination. Brauckmiller initially filed this suit in state court against UTSA, alleging violations of the First Amendment, Title IX, Title VII, and the Fair Labor Standards Act ("FLSA"). (Orig. Pet. [#1], at 8–11.) UTSA removed the petition to this Court and then moved to dismiss the case [#5]. Brauckmiller responded by seeking leave to amend, which the Court granted, and filed his First Amended Complaint.

The First Amended Complaint added UTSA President Taylor Eighmy as an additional Defendant, as well as numerous additional causes of action, including violations of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). (First Am. Compl. [#28].) UTSA and President Eighmy moved to dismiss the case [#29]. The undersigned issued a report and recommendation, recommending that the motion be granted in part and denied in part. The District Court adopted in part the undersigned's recommendations [#38], resulting in Brauckmiller's claims under USERRA, the Whistleblower Protection Act, and the Texas Whistleblower Act being dismissed without prejudice for lack of subject matter jurisdiction; his Title VII claims against President Eighmy being dismissing with prejudice; his disability discrimination claims being dismissed without prejudice; and his Title VII retaliation claim, Title VII hostile work environment claim, and ADEA claim being dismissed without prejudice [#49]. Additionally, his claims under the First Amendment, Fourteenth Amendment, Title IX, and the FLSA were deemed abandoned. Plaintiff's claims for Title VII race and sex discrimination survived the motion to dismiss. The District Court ordered that Brauckmiller be permitted file a motion for leave to file a second amended complaint if he wished to reassert his claims for disability discrimination, Title VII retaliation, and/or Title VII hostile work environment.

2

Brauckmiller timely filed a motion for leave to file his second amended complaint [#50]. The undersigned denied the motion for leave because the proposed complaint did not comply with the restrictions in the District Court's order or with Federal Rule of Civil Procedure 8's requirement that a complaint include a "short and plain" statement of a plaintiff's claims [#65]. The undersigned gave permission for Brauckmiller to once again file a motion for leave to file a second amended complaint and provided guidance on structuring his pleading, limiting him to 20 pages and instructing him to focus on his **factual** allegations and clarifying that he could only include his Title VII race and sex discrimination claims, ADA disability discrimination claim, Title VII retaliation claim, and Title VII hostile work environment claim. On March 23, 2025, Brauckmiller filed a second Motion for Leave to File Second Amended Complaint [#66]. The proposed pleading complies with the orders of the Court. UTSA responded [#69], and Brauckmiller filed a reply [#70]. The motion for leave is therefore ripe for the Court's review.

## II. Legal Standard

The grant of leave to amend pleadings pursuant to Rule 15(a) is generally within the discretion of the trial court and shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). However, leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). In evaluating the propriety of an amendment, the district court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Granting leave to

amend would be futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

For the purposes of the futility analysis, courts apply the same standard of legal sufficiency applicable to a motion to dismiss under Rule 12(b)(6). *Id.* (internal quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570. When the issue is a statute of limitations defense, the court may only order dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise

some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Because Plaintiff is a *pro se* litigant, his pleadings are to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Analysis

The undersigned will grant in part Brauckmiller's motion for leave to amend because he has now plausibly pleaded a claim for retaliation under Title VII. However, the Court should dismiss his claims for disability discrimination under the ADA and a hostile work environment under Title VII.

**A.     Brauckmiller has plausibly pleaded a claim for Title VII retaliation.**

To plead a claim of Title VII retaliation, a plaintiff must allege that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000). The District Court previously dismissed Brauckmiller's Title VII retaliation claim without prejudice because he had not alleged "what protected activity he engaged in, when, and reported to whom." (Am. Order Adopting Report & Recommendation [#49], at 10.)

Now, Brauckmiller alleges that after filing "multiple internal rebuttals and 6 external complaints regarding *discrimination*, retaliation, due process, and policy violations," UTSA retaliated against him by investigating him and subsequently terminating him. (Second Am. Compl. [#66], at 5–8) (emphasis added). He provides dates for his protected activities and states who the complaints were allegedly made to. (Second Am. Compl. [#66], at 6.)

Specifically, Brauckmiller alleges that he made multiple complaints between March 2022 and July 2022 to UTSA's Equal Opportunity Services office and UTSA leadership and that he was terminated in July 2022. (Second Am. Compl. [#66], at 6.) Under Fifth Circuit precedent, the short gaps in time between these alleged complaints and the adverse activity—including gaps of less than one month—are sufficient to plead a causal connection at this stage. *See Evans v. City of Hous.*, 246 F.3d 344, 354 (5th Cir. 2001) (suggesting "a time lapse of up to four months has been found sufficient to satisfy the causal connection"); *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 578 (5th Cir. 2020), *as revised* (Aug. 14, 2020) (quoting *Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236, 243 (5th Cir. 2019)) (explaining that, at the prima facie stage, a plaintiff sufficiently pleads a causal connection "simply by showing close enough timing between his protected activity and his adverse employment action")[1]. Brauckmiller has therefore sufficiently alleged facts to plead a plausible Title VII retaliation claim.

**B.      Brauckmiller's claims for disability discrimination and hostile work environment should be dismissed.**

Brauckmiller has attempted to replead his claims for disability discrimination under the ADA and a hostile work environment under Title VII. Because he has failed to allege sufficient facts in support of these claims, both claims should be dismissed.

To sufficiently plead a claim of hostile work environment under Title VII, a plaintiff must allege that (1) the employee belongs to a protected class; (2) the employee was subject to unwelcome harassment; (3) the harassment was based on the protected class; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer knew or should

---

[1] Though plaintiffs need not plead a prima facie case at the motion-to-dismiss stage, the prima facie standard is nonetheless relevant, as a plaintiff "must 'plead sufficient facts on all the ultimate elements' to make [his] case plausible." *Jenkins v. Louisiana Workforce Comm'n*, 713 F. App'x 242, 244 (5th Cir. 2017) (per curiam) (quoting *Chhim*, 836 F.3d at 470).

have known of the harassment and failed to take prompt remedial action. *Shepherd v. Comptroller of Pub. Accts. of State of Texas*, 168 F.3d 871, 873 (5th Cir. 1999). To affect a term, condition, or privilege of employment, the harassment must be severe or pervasive. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993).

In his Second Amended Complaint, Brauckmiller alleges that a coworker "made false allegations," that investigators "manipulated and destroyed evidence . . . and ignored the plaintiff's counterclaims," and that he was prevented from gathering evidence and accessing witnesses. (Second Am. Compl. [#66], at 4–5.) For one, these allegations of "harassment" are better-categorized as allegations of Fourteenth Amendment due process violations—a claim that the Court deemed abandoned. (Am. Order Adopting Report & Recommendation [#49], at 10.) Harassment, on the other hand, "generally takes the form of 'discriminatory intimidation, ridicule, and insult.'" *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 509 (5th Cir. 2024) (quoting *Clark v. City of Alexandria*, 116 F.4th 472, 479 (5th Cir. 2024)). Additionally, these facts as pleaded do not meet the high threshold required by Fifth Circuit precedent to sufficiently plead that any alleged harassment was severe or pervasive harassment. For instance, the conduct described by Brauckmiller is not "objectively offensive," nor was it "physically threatening or humiliating." *See Shepherd v. Comptroller of Pub. Accts. of State of Tex.,* 168 F.3d 871, 874 (5th Cir. 1999). Thus, the Court should dismiss Brauckmiller's Title VII hostile work environment claim.

Brauckmiller's factual allegations regarding his disability discrimination claim are insufficient as well. Title I of the ADA prohibits employment discrimination on the basis of disability. 42 U.S.C. § 12112(a). To plead a prima facie case of ADA Title I disability discrimination, a plaintiff must allege "a disability, that he was qualified for his position, and that

7

he suffered an adverse employment action because of his disability." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021). The ADA defines "disability" as:

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(1)(A)–(C).

Brauckmiller does no more than state in his Second Amended Complaint that he is "a 100% permanent disabled retired Veteran" and has "protected status." (Second Am. Compl. [#66], at 8.) But the VA's disability rating is irrelevant under the Rehabilitation Act because "the VA ratings are assessed pursuant to a standard entirely different from that imposed by the [Rehabilitation Act] (which incorporates the ADA standards)." *Burns v. Nielsen*, 456 F. Supp. 3d 807, 825 (W.D. Tex. 2020) (cleaned up) (quotation and citation omitted). He does not provide any other details about his alleged disability or plead that his disability "substantially limits one or more major life activities." Neither does he plead that he had record of such an impairment or that UTSA regarded him as having such an impairment. As he did in his First Amended Complaint, Brauckmiller simply asserts the legal conclusion that he has a disability.

Furthermore, Brauckmiller has failed to plead any facts to suggest that he was terminated *because* of his disability. *Olivarez*, 997 F.3d at 600. Though Brauckmiller claims that "negative comments" were made about his mental health (Second Am. Compl. [#66], at 8), he does not provide any additional details—such as what in particular was said, who said it, or when—that might allow the Court to infer causation. The Court should therefore dismiss Brauckmiller's ADA disability discrimination claim.

**C.     UTSA's argument that Brauckmiller lacks standing should be rejected.**

In addition to arguing that Brauckmiller's Second Amended Complaint does not plausibly state any claim, UTSA also argues that Brauckmiller fails to establish standing because his Second Amended Complaint does not include a demand for the relief sought. (UTSA Resp. [#69], at 4.) Brauckmiller is *pro se*. In an effort to ensure that the Court would be able to accurately construe Brauckmiller's claims against UTSA, the undersigned explicitly instructed Brauckmiller in his Second Amended Complaint to focus on the facts of the event giving rise to his claims rather than citing law or including legal arguments. *See* Order #65, at 3–4. The undersigned will not fault Brauckmiller for following these explicit instructions. UTSA is aware of the relief sought by Brauckmiller, and the undersigned construes his Second Amended Complaint as incorporating his Prayer for Relief from his First Amended Complaint. (First Am. Compl. [#28], at 19.)

## IV.     Conclusion, Order, and Recommendations

In conclusion, the undersigned **ORDERS** that Plaintiff Todd Brauckmiller's Motion for Leave to File Second Amended Complaint [#66] is **GRANTED IN PART** and that the Clerk file his proposed Second Amended Complaint [#66] on the docket.

Furthermore, the undersigned **RECOMMENDS** that Plaintiff's claims for disability discrimination under the ADA and hostile work environment under Title VII be **DISMISSED**. Only his claims for Title VII race and sex discrimination and Title VII retaliation should survive.

## V.     Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified

mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of May, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE