IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TODD BRAUCKMILLER, *Plaintiff* § § § | |
| § | SA-23-CV-01182-XR |
| -vs- § § | |
| THE UNIVERSITY OF TEXAS SAN ANTONIO, PRESIDENT TAYLOR EIGHMY, CHIEF EXECUTIVE OFFICER; § § § § § | |
| *Defendants* § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation ("R&R") in the above-numbered and styled case, filed on May 1, 2025 (ECF No. 77) addressing Plaintiff's motion for leave to file his second amended complaint (ECF No. 66), and the parties' objections thereto (ECF No. 79, 80, 81, 82, 84).

## BACKGROUND

This is an employment case arising out of Plaintiff Todd Brauckmiller's termination from his employment at the University of Texas San Antonio ("UTSA") following an investigation into whether he sexually harassed one of his colleagues. Plaintiff, appearing pro se, alleges that his termination was pretext for discrimination.

Brauckmiller filed a formal charge of discrimination with the EEOC against UTSA on October 24, 2022. ECF No. 3-1 at 9–10. The EEOC issued a Notice of Right to Sue on November 17, 2022, after which he filed this case in state court. Id. at 8. Plaintiff first filed this suit in state court against Defendant UTSA, alleging violations of the First Amendment, Title IX, Title VII, and the Fair Labor Standards Act ("FLSA"). ECF No. 1, Exh. A at 8–11. UTSA removed the petition to this Court and then moved to dismiss the case. *See* ECF Nos. 1, 5.

In response, Plaintiff filed his First Amended Complaint ("FAC"), which mooted the pending motion to dismiss. In the FAC, Plaintiff (1) removed his claims for violations of the First Amendment, Fourteenth Amendment, Title IX, and the FLSA, (2) joined UTSA President Taylor Eighmy as a second Defendant, and (3) added several new causes of action, including claims for violations of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Uniformed Services Employment and Reemployment Act ("USERRA"), and federal and Texas whistleblower laws. ECF No. 28. Defendants then moved to dismiss the FAC.

The Court adopted in part the Magistrate Judge's recommendation on the motion to dismiss the FAC. Specifically, the Court

1) dismissed Plaintiff's claims USERRA, the Whistleblower Protection Act, and the Texas Whistleblower Act without prejudice for lack of subject matter jurisdiction;

2) dismissed his Title VII claims against President Eighmy with prejudice because individuals are not liable under Title VII in either their individual or official capacities;

3) deemed that Plaintiff had abandoned his claims under the First Amendment, Fourteenth Amendment, FLSA, and Title IX, and

4) dismissed Plaintiff's claims for discrimination under the ADA and ADEA and his Title VII claims for hostile work environment and retaliation without prejudice for failure to state a claim.

*See* ECF No. 49 at 9–10. Thus, Brauckmiller's race and sex discrimination claims under Title VII remained. Additionally, the Court granted Brauckmiller permission to seek leave to file a further amended complaint asserting claims for disability discrimination, age discrimination, and hostile work environment that cured the deficiencies in the FAC. *Id.* at 11–12.

Brauckmiller timely moved for leave to file a second amended complaint (ECF No. 50), but the Magistrate Judge denied the motion because the proposed complaint did not comply with

the restrictions in the District Court's order or with Federal Rule of Civil Procedure 8's requirement that a complaint include a "short and plain" statement of a plaintiff's claims (ECF No. 65). After offering further guidance on the structure of further pleadings, the Magistrate Judge granted Brauckmiller permission to file a new motion for leave to file a second amended complaint, limited to 20 pages and to his claims for Title VII race and sex discrimination, ADA disability discrimination, Title VII retaliation, and Title VII hostile work environment.

On March 23, 2025, Brauckmiller filed a second motion for leave to file a second amended complaint. ECF No. 66; *see also* ECF No. 69 (UTSA's response); ECF No. 70 (Brauckmiller's reply). On May 1, 2025, the Magistrate Judge issued an R&R granting the motion as to Brauckmiller's Title VII retaliation claim but recommending that the Court dismiss his claims for disability discrimination under the ADA and hostile work environment under Title VII for failure to allege sufficient facts in support of those claims. *See* ECF No. 77.

The Magistrate Judge concluded that Brauckmiller's hostile-work-environment claim, centered on purported defects in the sexual harassment investigation, was better characterized as a claim for violation of his Fourteenth Amendment due process rights, a claim he previously abandoned. *Id.* at 7. Moreover, the Magistrate Judge reasoned that Brauckmiller's allegations—that a coworker "made false allegations," that investigators "manipulated and destroyed evidence . . . and ignored the plaintiff's counterclaims," and that he was prevented from gathering evidence and accessing witnesses—did not meet the high threshold for showing that any harassment he suffered was sufficiently severe or pervasive to state a plausible claim in the Fifth Circuit. For instance, the conduct described by Brauckmiller is not "objectively offensive," nor was it "physically threatening or humiliating." *See Shepherd v. Comptroller of Pub. Accts. of State of Tex.*, 168 F.3d 871, 874 (5th Cir. 1999).

Turning to Brauckmiller's ADA claim, the Magistrate Judge noted that Brauckmiller failed to adequately allege that he is disabled (or viewed as disabled) or that he was terminated because of any such disability (or perceived disability). Rather, the SAC simply asserts that Brauckmiller is "a 100% permanent disabled retired Veteran" and has "protected status." ECF No. 66 at 8. The Magistrate reasoned that "the VA's disability rating is irrelevant under the Rehabilitation Act because 'the VA ratings are assessed pursuant to a standard entirely different from that imposed by the [Rehabilitation Act] (which incorporates the ADA standards).'" ECF No. 77 at 8 (quoting *Burns v. Nielsen*, 456 F. Supp. 3d 807, 825 (W.D. Tex. 2020) (cleaned up)). He does not provide any other details about his alleged disability or plead that his disability "substantially limits one or more major life activities." And while Brauckmiller claimed that "negative comments" were made about his mental health (ECF No. 66 at 8), the SAC did not provide any additional details that might allow the Court to infer causation.

Both parties filed timely objections to the R&R (ECF Nos. 79, 80) and responses to one another's objections (ECF Nos. 81, 82, 84).

## DISCUSSION

I. **Legal Standards**

  A. **Standard of Review of Magistrate Judge's Report & Recommendation**

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

### B. Leave to Amend Complaint

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of the pleadings before trial. Although the Court "should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), leave to amend is not automatic. *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). The decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Id.* In exercising its discretion, the district court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *Id*. "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."

## II. Analysis

### A. UTSA's Objections

UTSA objects to the Magistrate Judge's recommendation to permit Brauckmiller to proceed on his retaliation claim on two grounds, arguing that (1) Brauckmiller did not engage in a protected activity under Title VII because he did not "reasonably believe" that that UTSA had engaged in an unlawful employment and (2) Brauckmiller cannot rely solely on temporal

proximity to establish causation. *See* ECF No. 80. Both arguments are premature at the pleading stage and are better saved for summary judgment.

To state a claim for retaliation under Title VII, Brauckmiller must demonstrate that: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007).

Protected activity falls into one of two categories: (1) "oppos[ing] any practice made an unlawful employment practice by this subchapter" or (2) "ma[king] a charge, testif[ying], assist[ing], or participat[ing] in any manner in an investigation, proceeding, or hearing under this subchapter." *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016). The first type is commonly referred to as the "opposition clause," and the second as the "participation clause." *Id.* The retaliation provisions of Title VII have been interpreted to "protect[] not only the filing of formal discrimination charges with the EEOC, but also complaints to management and less formal protests of discriminatory employment practices." *Laster*, 746 F.3d at 730. Less formal protests that are still protected under Title VII include "complaints to human resources personnel regarding potential violations of Title VII." *Id.* (quoting *Trujillo v. Henniges Auto. Sealing Sys. N. Am., Inc.*, 495 F. App'x 651, 655 (6th Cir. 2012)).

Close timing between an employee's protected activity and an adverse action against him may provide the "causal connection" required to make out a *prima facie* case of retaliation. *Swanson v. Gen. Serv. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) (citing *Armstrong v. City of Dallas,* 997 F.2d 62, 67 (5th Cir. 1993)). There is no bright-line rule in the Fifth Circuit for determining whether the time between the protected activity and the allegedly retaliatory conduct is too remote. *See Shirley v. Chrysler First, Inc.*, 970 F.2d 39 (5th Cir. 1992) (declining to hold

that the passage of fourteen months between the filing of the plaintiff's EEOC complaint and the date of termination was "legally conclusive proof against retaliation"); *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (noting that "a time lapse of up to four months has been found sufficient" evidence of a causal connection).

Brauckmiller alleges that after filing "multiple internal rebuttals and 6 external complaints regarding discrimination, retaliation, due process, and policy violations," UTSA retaliated against him by investigating him and subsequently terminating him. ECF No. 66 at 6. UTSA concedes that Brauckmiller made multiple complaints between March 2022 and July 2022 to UTSA's Equal Opportunity Services office and UTSA leadership and that he was terminated in July 2022. The University insists, however, that these complaints are not protected because they were "not made with a reasonable belief that he was opposing an unlawful employment practice" but "filed as a retaliatory measure in response to [Gomez]'s report against him." ECF No. 80 at 4. "The timeline itself," UTSA argues, "undermines the inference of retaliation, as the investigation and adverse employment process began before, and not in response to, the protected activity Brauckmiller now cites." *Id.* at 5.

But the investigation itself is not the only adverse employment action at issue here. Brauckmiller's termination in July 2022 certainly followed his complaints earlier in the spring and summer. Still, UTSA insists that "[t]he pleadings demonstrate that UTSA's decision to terminate Brauckmiller stemmed from substantiated findings of policy violations—not from retaliation." *Id.* Given the temporal proximity, Brauckmiller has plausibly alleged a causal connection between his protected activities—submitting his complaints to the University *and* participating in the underlying investigation by filing counterclaims against Gomez—and his termination. At this procedural stage, the Court must take Brauckmiller's allegations as true and construe them

7

liberally in his favor. Questions about the parties' respective motivations are more appropriately addressed on summary judgment or at trial. Indeed, much of the authority cited in UTSA's objection addresses summary judgment and even post-trial motions. *See, e.g.*, *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 429 (5th Cir. 2017) (summary judgment); EEOC v. EmCare, Inc., 857 F.3d 678, 680 (5th Cir. 2017) (post-trial).

UTSA's objections are overruled, and Brauckmiller will be permitted to pursue his claim for Title VII retaliation.

### B. Brauckmiller's Objections

#### 1. Title VII Claim for Hostile Work Environment

Brauckmiller objects to the recommended dismissal of his hostile work environment claim by reframing UTSA's administration of the Title IX investigation as actionable harassment:

> Plaintiff, a white male, was subjected to immediate sanctions following false accusations, he was immediately isolated, and denied access to crucial evidence, witnesses, and institutional resources. In stark contrast, the female Hispanic complainant, Gomez, was accommodated, supported, and given procedural benefits.

ECF No. 79 at 2. He further asserts that his "favorable witnesses were ignored or testimony altered" and that "the Magistrate Judge's characterization of these issues as procedural overlooks the fact that these were not merely technical violations, but acts of hostility and discriminatory animus." *Id.*

In order to establish a hostile working environment claim, Brauckmiller must prove: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on his protected status; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Celestine v. Petroleos de*

*Venezuella SA,* 266 F.3d 343, 353(5th Cir. 2001); *Jones v. Flagship Int'l,* 793 F.2d 714, 719–20 (5th Cir. 1986).

For harassment on the basis of race or sex to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it "must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993)). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *Harris*, 510 U.S. at 21 (citing *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)).

To begin, Brauckmiller continues to center his allegations on institutional procedures undertaken during the Title IX investigation—not on a work environment permeated with discriminatory intimidation, ridicule, or insult. Indeed, any kind of workplace investigation will often feel subjectively hostile and even unfair to the person being investigated. That personal perception of the investigation, however, does not render the working environment objectively hostile or abusive.

Even if the University officials who conducted the investigation were motivated by discriminatory animus of some kind, Brauckmiller's allegation that Gomez was accorded greater process and more resources during the investigation does not rise to the level of creating a hostile work environment. *See Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000) (directing courts to consider "the frequency and severity of the alleged conduct, as well as whether 'it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" (quoting *Harris*, 510 U.S. at 23)). For example,

Brauckmiller objects to the use of a hypothetical in the investigative report concerning his potential alcohol use, despite being a lifelong teetotaler. But such stray remarks do not create a hostile working environment. *See, e.g.*, *Kang v. Bd. of Supervisors of La. State Univ.*, 75 F. App'x 974, 977 (5th Cir. 2003) (poor performance evaluation and unjust criticism in front of plaintiff's peers does not constitute hostile working environment), *cert. denied*, 541 U.S. 903 (2004).

Brauckmiller's objection to the dismissal of his hostile-work-environment claim under Title VII is overruled, and his claim is dismissed with prejudice.

### 2. ADA Claim for Disability Discrimination

A review of the proposed Second Amendment Complaint confirms the Magistrate Judge's conclusion that Brauckmiller has failed to allege that he has or was perceived to have a disability or that any such disability or perceived disability caused the adverse employment actions at issue in this case. Brauckmiller objects that, "VA ratings are not irrelevant under the ADA." ECF No. 79 at 4. Perhaps so, but VA ratings alone are insufficient to establish a disability under the ADA, *Burns*, 456 F. Supp. 3d at 825, and the Magistrate Judge correctly characterized Brauckmiller's pleading as a mere "legal conclusion that he has a disability." ECF No. 77 at 8.

In his objection, Brauckmiller asserts that "one of combat-related disabilities includes a Traumatic Brain Injury." ECF No. 79 at 4.[1] He further states that Gomez referred to him as "weird," "gross," "lonely," and "unstable," and that UTSA Vice President McSherry made "discriminatory assumptions" about his military service. *Id.*

Assuming that Gomez's statements were connected in some way to Brauckmiller's disability, Gomez, as the complainant, did not have decisionmaking authority that would allow the Court to infer causation. And, assuming that McSherry had such authority, her comments appear

---

[1] In a later submission, Brauckmiller clarified that "his impairments impact communication, processing, and social interaction." ECF No. 82 at 5.

to have been directed toward Brauckmiller's history of military service, not based on any disability. Even if Brauckmiller's disability is related to his military service, the Court cannot plausibly infer that McSherry's unidentified statement about his military service necessarily reflected her beliefs about his disability. Moreover, although Brauckmiller alleges that McSherry held "administrative authority over Plaintiff's department and participated in executive level decision-making during the period of sanctions, investigation and removal," ECF No. 82 at 6, he does not assert that McSherry exercised that authority in connection with his termination specifically.

Brauckmiller also suggests that the "email-only" communication restrictions imposed during the investigation constituted a failure to accommodate his disability in violation of the ADA. *See* ECF No. 79 at 5; ECF No. 82 at 5. But the term "failure to accommodate" has a very specific meaning under the ADA, however. It does not mean that an employer must grant *any* request made by an employee with a disability. The ADA makes clear that "an employer's obligation to provide a 'reasonable accommodation,' when triggered, contemplates changes to an employer's procedures, facilities, or performance requirements that will permit a qualified individual with a disability to perform the essential functions of his or her job." *Burch v. Coca–Cola Co.*, 119 F.3d 305, 314 (5th Cir. 1997).

To prove a failure-to-accommodate claim, Brauckmiller must prove that (1) he is a qualified individual with disability; (2) his disability and its limitations were known by the employer; and (3) his employer failed to make reasonable accommodations for such known limitations. Americans with Disabilities Act of 1990 § 102, 42 U.S.C.A. § 12112(b)(5). As a threshold matter, the employee who "needs an accommodation because of a disability has the responsibility of informing [his] employer." *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d

606, 621 (5th Cir. 2009). Failure to request an accommodation, particularly when an employee's disability is not obvious, will doom a claim. *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 485 (5th Cir. 2023), *as revised* (Aug. 4, 2023).

Brauckmiller does not assert that he made any requests of UTSA *as a reasonable accommodation* for a disability. Moreover, Brauckmiller's complaints appear to be directed toward the investigative process rather than to his employment. *See* ECF No. 79 at 5 ("Unlike the complainant, Plaintiff was denied mediation, in-person meetings, and hearings."). The purpose of providing the accommodation is "to permit a qualified individual with a disability to perform the essential functions of his or her job," not to allow employees to run roughshod over internal investigative procedures. *Burch*, 119 F.3d at 314.

Brauckmiller's objection to the dismissal of his ADA claim is overruled, and his claim is dismissed with prejudice.

## CONCLUSION

After careful consideration, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 77), and Brauckmiller's motion for leave to file his second amended complaint (ECF No. 66) is **GRANTED IN PART** as to his Title VII retaliation claim and **DENIED IN PART** as to his claims for hostile work environment under Title VII and disability discrimination under the ADA, which are **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

**SIGNED** this 22nd day of May, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE